ALSCHULER GROSSMAN LLP
Gwyn Quillen (No. 138428)
Scott Vick (No. 171944)
Kevin B. Martin (No. 200540)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000
Email: gquillen@alschuler.com

Attorneys for Defendant
KPMG LLP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SERACARE LIFE SCIENCES, INC. SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Master File No.: 05-CV-2335-H (CAB)<br><br>CLASS ACTION<br><br>**KPMG LLP'S CLARIFICATION REGARDING ITS *EX PARTE* APPLICATION FOR AN ORDER TO FILE CERTAIN DOCUMENTS UNDER SEAL**<br><br>Date: March 19, 2007<br>Time: 10:30 a.m.<br>Dept.: Hon. Marilyn L. Huff<br>Courtroom 13 |

By order dated February 14, 2007, this Court ordered KPMG to clarify whether it seeks in camera review of the Rule 11 Motion and associated documents KPMG seeks to file under seal. The answer is yes. KPMG requests that the Court conduct an in camera review of the motion and the unredacted KPMG audit workpapers at issue. If the Court concludes that those workpapers contain confidential and proprietary information, KPMG requests that the Court issue an order allowing KPMG to file those documents under seal, and requiring Plaintiffs and their counsel to keep them confidential.

KPMG's Rule 11 motion and supporting papers contain confidential and proprietary information of KPMG and SeraCare Life Sciences, Inc. ("SeraCare"). KPMG's Rule 11 motion depends on KPMG being able to present this confidential information to the Court because that confidential information helps explain why Lead Counsel violated Rule 11. KPMG should not be put in the position of having to choose between: (i) not filing a meritorious Rule 11 motion in order to preserve the confidentiality of certain documents essential for the motion; or (ii) being forced to disclose confidential documents in order to file a meritorious Rule 11 motion. Public policy strongly favors KPMG being able to file a Rule 11 motion in this case, and a sealing order furthers this policy. In most cases, federal judges have discretion as to whether or not to impose sanctions for a Rule 11 violation. But because this case involves a private federal securities class action, the Private Securities Litigation Reform Act removes the Court's discretion and actually ***requires*** the imposition of sanctions.

///

///

///

///

///

///

///

///

The purpose of this stringent approach was to curb the very type of abuse about which KPMG will complain in its Rule 11 motion.

DATED: February 20, 2007

Respectfully submitted,

ALSCHULER GROSSMAN LLP

By /s/ Scott Vick
Scott Vick
Attorneys for Defendant
KPMG LLP

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Alschuler Grossman LLP, The Water Garden, 1620 26th Street, Fourth Floor, North Tower, Santa Monica, California 90404-4060. On this 20th day of February, 2007, I served a true copy of the within documents:

**KPMG LLP'S CLARIFICATION REGARDING ITS *EX PARTE* APPLICATION FOR AN ORDER TO FILE CERTAIN DOCUMENTS UNDER SEAL**

☒ by transmitting the documents via electronic mail to the email addresses below.

**EMAIL SERVICE LIST**

| | |
|---|---|
| Ramzi Abadou | ramzia@lerachlaw.com |
| John David Kirby | jkirby@labellamcnamara.com, lquach@labellamcnamara.com |
| Charles G. La Bella | clabella@labellamcnamara.com, |
| Darren Jay Robbins | e_file_sd@lerachlaw.com |
| Jeff S. Westerman | jwesterman@milbergweiss.com, schang@milbergweiss.com |

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Monica, California, addressed as set forth below.

**U.S. MAIL SERVICE LIST**

Peter Arthur Binkow
Glancy Binkow and Goldberg
1801 Avenue of the Stars
Suite 311
Los Angeles, CA 90067

Ethan J. Brown
Latham and Watkins
633 West Fifth Street
Suite 400
Los Angeles, CA 90071-2007

Marc Dworsky
Munger Tolles and Olson
355 South Grand Avenue
Suite 3500
Los Angeles, CA 90071-1560

Andrew N. Friedman
Cohen Milstein Hausfeld & Toll
1100 New York Avenue NW
West Tower Suite 500
Washington, DC 20005-3955

Edward M. Gergosian
Gergosian and Gralewski
550 West C Street
Suite 1600
San Diego, CA 92101

Lionel Z Glancy
Glancy Binkow and Goldberg
1801 Avenue of the Stars
Suite 311
Los Angeles, CA 90067

Joseph P. Helm III
Cohen Milstein Hausfeld & Toll
1100 New York Avenue NW
West Tower Suite 500
Washington, DC 20005-3955

Laurence D. King
Kaplan Fox and Kilsheimer
555 Montgomery Street
Suite 1501
San Francisco, CA 94111

Meridith N. Landy
O'Melveny and Myers
2765 Sand Hill Road
Menlo Park, CA 94025-7019

Nicole Lavallee
Berman DeValerio Pease Tabacco Burt Pucillo
425 California Street
Suite 2100
San Francisco, CA 94104

Steven J. Toll
Cohen Milstein Hausfeld & Toll
1100 New York Avenue NW
West Tower Suite 500
Washington, DC 20005-3955

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 20th day of February, 2007, at Santa Monica, California.

JACQUELINE CAMPBELL