LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DANIEL S. DROSMAN (200643)
LAURIE L. LARGENT (153493)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ddrosman@lerachlaw.com
llargent@lerachlaw.com

COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
STEVEN J. TOLL
ANDREW N. FRIEDMAN
JOSEPH P. HELM III
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Telephone: 202/408-4600
202/408-4699 (fax)

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SERACARE LIFE SCIENCES, INC. SECURITIES LITIGATION | Master File No. 05-CV-2335-H(CAB) |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | PLAINTIFFS' OPPOSITION TO KPMG LLP'S CLARIFICATION REGARDING ITS *EX PARTE* APPLICATION FOR AN ORDER TO FILE CERTAIN DOCUMENTS UNDER SEAL |
| | DATE: March 19, 2007<br>TIME: 10:30 a.m.<br>COURTROOM: 13<br>JUDGE: The Honorable Marilyn L. Huff |

## TABLE OF CONTENTS

**Page**

I. BECAUSE KPMG'S MOTION FOR SANCTIONS IS PREMATURE UNDER THE PSLRA, THIS COURT SHOULD DEFER RULING ON KPMG'S MOTION TO FILE UNDER SEAL ....... 1

II. KPMG FAILED TO SATISFY THE "COMPELLING REASONS" TEST NECESSARY TO OVERCOME THE "STRONG PRESUMPTION" OF PUBLIC ACCESS ....... 3

III. IF THIS COURT ALLOWS KPMG TO SUBMIT DOCUMENTS *IN CAMERA*, PLAINTIFFS SHOULD ALSO BE PERMITTED TO SUBMIT EVIDENCE FOR *IN CAMERA* REVIEW ....... 4

IV. CONCLUSION ....... 5

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Blaser v. Bessemer Trust Co., N.A.*, No. 01 Civ. 11599 (DLC), 2002 U.S. Dist. LEXIS 19856 (S.D.N.Y. Oct. 21, 2002) .... 2

*Cybulski v. United States*, No. CV-S-02-0536-RLH (PAL), 2003 U.S. Dist. LEXIS 3727 (D. Nev. Jan. 27, 2003) .... 3

*DeMarco v. Depotech Corp.*, 131 F. Supp. 2d 1185 (S.D. Cal. 2001) .... 2

*Dellastatious v. Williams*, 242 F.3d 191 (4th Cir. 2001) .... 1

*Docusign, Inc. v. Sertifi, Inc.*, No. C06-0906Z, 2006 U.S. Dist. LEXIS 76226 (W.D. Wash. Oct. 19, 2006) .... 4

*Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) .... 3

*GTFM Inc. v. Int'l Basic Source, Inc.*, 01 Civ. 6203 (RWS), 2002 U.S. Dist. LEXIS 345 (S.D.N.Y. Jan. 11, 2002) .... 3

*High View Fund, L.P. v. Hall*, 27 F. Supp. 2d 420 (S.D.N.Y. 1998) .... 2

*Hilkene v. WD-40 Co.*, No. 04-2253-KHV, 2007 U.S. Dist. LEXIS 9360 (D. Kan. Feb. 8, 2007) .... 1, 3

*In re Tellium, Inc. Sec. Litig.*, No. 02-cv-5878 (FLW), 2005 U.S. Dist. LEXIS 19467 (D.N.J. June 30, 2005) .... 2

*Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) .... 3, 4

*Louros v. Kreicas*, No. 03 Civ. 1514 (LAK), 2003 U.S. Dist. LEXIS 18292 (S.D.N.Y. Oct. 15, 2003) .... 2

*Marcus v. Frome*, 329 F. Supp. 2d 464 (S.D.N.Y. 2004) .... 2, 3

*N. Contracting, Inc. v. State of Illinois*, No. 00 C 4515, 2004 U.S. Dist. LEXIS 3226 (N.D. Ill. Mar. 4, 2004) .... 4

**Page**

*Pro Bono Investors, Inc. v. Gerry*,
No. 03 Civ. 4347 (JGK), 2005 U.S. Dist. LEXIS 22346
(S.D.N.Y. Sept. 30, 2005)....................2, 3

*Smith v. March*,
194 F.3d 1045 (9th Cir. 1999) ....................4

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4(c)....................1

Federal Rules of Civil Procedure
Rule 11 ....................1, 2, 3
Rule 12(b)(6)....................5

## I. BECAUSE KPMG'S MOTION FOR SANCTIONS IS PREMATURE UNDER THE PSLRA, THIS COURT SHOULD DEFER RULING ON KPMG'S MOTION TO FILE UNDER SEAL

KPMG LLP ("KPMG") badly distorts the law in its "clarification" in support of its motion to seal. KPMG asserts: "In most cases, federal judges have discretion as to whether or not to impose sanctions for a Rule 11 violation. But because this case involves a private federal securities class action, the Private Securities Litigation Reform Act removes the Court's discretion and ***requires*** the imposition of sanctions." KPMG LLP's Clarification Regarding Its *Ex Parte* Application for An Order to File Certain Documents Under Seal ("Clarification") at 1 (emphasis in original). KPMG's assertion is misleading for two independent reasons: the statute actually contemplates a Rule 11 review ***only*** "***upon final adjudication of the action***" and then requires sanctions ***only if*** the court makes an express determination that either party violated Fed. R. Civ. P. 11. *See* 15 U.S.C. §78u-4(c)[1]; *Dellastatious v. Williams*, 242 F.3d 191, 197 n.5 (4th Cir. 2001) ("***[T]he PSLRA*** '***does not in any way purport to alter the substantive standards for finding a violation of Rule 11*** . . . .'").

Given the plain language of the statute, courts consistently refuse to reach the issue of Rule 11 sanctions in cases brought under the Private Securities Litigation Reform Act of 1995 ("PSLRA") before there has been a "final adjudication." For example, in *Hilkene v. WD-40 Co.*, No. 04-2253-KHV, 2007 U.S. Dist. LEXIS 9360, at *4-*5 (D. Kan. Feb. 8, 2007), the district court refused to consider a Rule 11 motion brought in a securities class action before there was a final adjudication of the action, holding: "***No motion is necessary under the PSLRA and a party cannot obtain a district court determination on sanctions before a final adjudication***." *Id*. The *Hilkene* court explained: "To trigger the mandatory inquiry regarding sanctions under the PSLRA, an action must result in a 'final adjudication.'" *Id.* at *5. Because the Rule 11 motion was brought before there was a final adjudication, "the Court has no authority to address the issue of sanctions under the PSLRA, 15 U.S.C. § 78u-4(c)(1)." *Id.* at *7.

---

[1] Here, as elsewhere, emphasis has been added or citations omitted, unless otherwise noted.

Similarly, in *Marcus v. Frome*, 329 F. Supp. 2d 464, 476 (S.D.N.Y. 2004), the court summarily rejected as "premature" a Rule 11 motion brought before the securities case had been dismissed with prejudice: "***The motion is premature, because there has been no 'final adjudication' in this case***." *Id*. The court in *Pro Bono Investors, Inc. v. Gerry*, No. 03 Civ. 4347 (JGK), 2005 U.S. Dist. LEXIS 22346 (S.D.N.Y. Sept. 30, 2005) concurred: "***These [sanctions] motions pursuant to the PSLRA were premature*** because, at the time they were made, there had been no 'final adjudication' of this action." In *Blaser v. Bessemer Trust Co., N.A.*, No. 01 Civ. 11599 (DLC), 2002 U.S. Dist. LEXIS 19856, at *9-*10 (S.D.N.Y. Oct. 21, 2002), the court concluded that if Congress intended to "saddle district courts" with the task of making sanctions determination in every case under the PSLRA, including actions which are voluntarily dismissed before answer, it would have stated so explicitly instead of using the phrase "final adjudication" as trigger for Rule 11 review. *Id*. Finally, in *In re Tellium, Inc. Sec. Litig*., No. 02-cv-5878 (FLW), 2005 U.S. Dist. LEXIS 19467, at *88 n.29 (D.N.J. June 30, 2005), the court also refused to make Rule 11 findings while the case was active: "Because the Court is not dismissing certain of the § 11 claims in the instant action, this decision is not a 'final adjudication of the action' and the Rule 11 sanctions analysis required by the PSLRA is not required at this juncture."[2]

In this case, there has been no final adjudication of the allegations against KPMG. *See, e.g.*, *DeMarco v. Depotech Corp*., 131 F. Supp. 2d 1185, 1187 (S.D. Cal. 2001) (concluding that "final adjudication" refers to *inter alia* cases dismissed with prejudice without leave to amend). Indeed, the Court has not even heard argument on KPMG's challenge to the sufficiency of plaintiffs' Consolidated Complaint, much less finally adjudicated the case on its merits. Thus, there has been no "final adjudication of the action" triggering judicial review under the PSLRA.

Because there has been no final adjudication of the action, KPMG's sanctions motion – and its motion to file under seal documents in support of its sanctions motion – is premature: "***a party***

---

[2] *See also Louros v. Kreicas*, No. 03 Civ. 1514 (LAK), 2003 U.S. Dist. LEXIS 18292, at *2 (S.D.N.Y. Oct. 15, 2003) (sanctions determination in case brought pursuant to the PSLRA is not appropriate before "final adjudication" of the action); *High View Fund, L.P. v. Hall*, 27 F. Supp. 2d 420, 430 n.7 (S.D.N.Y. 1998) (same).

***cannot obtain a district court determination on sanctions before a final adjudication***." *Hilkene*, 2007 U.S. Dist. LEXIS 9360, at *4-*5. As in *Hilkene*, *Marcus* and *Pro Bono Investors*, this Court, too, should refuse to consider any sanctions motions – or motion to file documents under seal – before this case has been finally adjudicated, which is the trigger expressly set forth by the PSLRA.

The statutory scheme makes sense. If this Court denies KPMG's motion to dismiss the Consolidated Complaint, thereby concluding that plaintiff's Complaint sufficiently states a claim, any motion for sanctions based on the filing of a frivolous complaint is necessarily rendered moot. *See GTFM Inc. v. Int'l Basic Source, Inc*., 01 Civ. 6203 (RWS), 2002 U.S. Dist. LEXIS 345, at *5 (S.D.N.Y. Jan. 11, 2002) ("Because Basic's motion to dismiss on jurisdiction and venue grounds and for failure to state a claim under Rule 12(b)(6) cannot be resolved until after jurisdictional discovery has been conducted, it is denied at this time. Similarly, ***Basic's motion for sanctions under Rule 11 is premature since the issue will be moot if jurisdiction can be established***."); *Cybulski v. United States*, No. CV-S-02-0536-RLH (PAL), 2003 U.S. Dist. LEXIS 3727, at *5 (D. Nev. Jan. 27, 2003) (Rule 11 motion based upon parties' late filing was "denied as moot" where court deemed filing timely). Accordingly, a Rule 11 examination is not appropriate under the PSLRA unless the Court dismisses plaintiffs' allegations against KPMG with prejudice and without leave to amend.

## II. KPMG FAILED TO SATISFY THE "COMPELLING REASONS" TEST NECESSARY TO OVERCOME THE "STRONG PRESUMPTION" OF PUBLIC ACCESS

As plaintiffs pointed out in their response to KPMG's *Ex Parte* Application for an Order to File Certain Documents Under Seal, a "strong presumption" in favor of the public's right to access judicial records and documents is the starting point of any analysis. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). According to recent Ninth Circuit precedent, "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the '***compelling reasons***' standard." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135). Accordingly, a party seeking to file documents under seal "***must*** '***articulate[] compelling reasons supported by specific factual findings***' that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'"" *Id*. at 1178-79; *see Foltz*, 331

F.3d at 1135-36 (holding that a "good cause" showing will not, without more, satisfy the "compelling reasons" test).[3]

Rather than identifying or even attempting to articulate "compelling reasons" (or even "good cause"), KPMG does not provide any justification at all for its request to file documents under seal in its Clarification. A review of the record points up the inadequacy of KPMG's *ex parte* application and subsequent clarification, "which largely make conclusory statements about the content of the documents – that they are confidential." *Kamakana*, 447 F.3d at 1182. "These conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar public access to the documents." *Id.*

Nor can KPMG present new evidence or arguments in its reply papers in an effort to satisfy the "compelling reasons" test. *See Smith v. March*, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding that "as an argument raised for the first time in a reply brief, it is not an argument that we may consider here"); *Docusign, Inc. v. Sertifi, Inc.*, No. C06-0906Z, 2006 U.S. Dist. LEXIS 76226, at *5 (W.D. Wash. Oct. 19, 2006) ("***It is well established that new arguments and evidence presented for the first time in Reply are waived***."); *N. Contracting, Inc. v. State of Illinois,* No. 00 C 4515, 2004 U.S. Dist. LEXIS 3226, at *163 (N.D. Ill. Mar. 4, 2004) (striking facts "improperly referenced for the first time in Plaintiff's reply brief," and refusing to "consider such facts or any exhibits to Plaintiff's reply brief"). Consequently, KPMG's *ex parte* application to file under seal should be denied.

## III. IF THIS COURT ALLOWS KPMG TO SUBMIT DOCUMENTS *IN CAMERA*, PLAINTIFFS SHOULD ALSO BE PERMITTED TO SUBMIT EVIDENCE FOR *IN CAMERA* REVIEW

If this Court permits KPMG to submit documents for *in camera* review, plaintiffs should also be given the opportunity to provide the Court with confidential evidence – including sworn

---

[3] In this case, KPMG's motion for sanctions, which seeks to strike all allegations in the Consolidated Complaint related to KPMG, is necessarily a dispositive motion. *See* Declaration of Daniel S. Drosman in Support of Plaintiffs' Opposition to KPMG LLP's *Ex Parte* Application for an Order to File Under Seal Certain Documents, Ex. 1 (proposed order seeking to strike all allegations against KPMG from the Consolidated Complaint).

declarations from witnesses conclusively proving the falsity of KPMG's work papers – for *in camera* review. KPMG, through its motion for sanctions, seeks to turn an examination of the sufficiency of the Consolidated Complaint into a full-blown evidentiary hearing. While consideration of any extrinsic evidence on a motion to dismiss is in direct violation of Rule 12(b)(6), plaintiffs have confidential evidence that they should be permitted to submit *in camera* to rebut KPMG's spurious accusations and to establish the deficiencies in KPMG's audit of SeraCare Life Sciences, Inc.

**IV. CONCLUSION**

For the foregoing reasons, KPMG's *ex parte* application to file under seal evidence should be denied.

DATED: March 2, 2007

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DANIEL S. DROSMAN
LAURIE L. LARGENT

s/ DANIEL S. DROSMAN
DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
STEVEN J. TOLL
ANDREW N. FRIEDMAN
JOSEPH P. HELM III
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Telephone: 202/408-4600
202/408-4699 (fax)

Co-Lead Counsel for Plaintiffs

O'REILLY GROSSO & GROSS, P.C.
JAMES F. GROSSO
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
Telephone: 508/620-0055
508/620-7655 (fax)

Additional Counsel for Plaintiffs

S:\CasesSD\SeraCare\BRF00039519.doc

CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DANIEL S. DROSMAN
DANIEL S. DROSMAN

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: ddrosman@lerachlaw.com

# Mailing Information for a Case 3:05-cv-02335-H-CAB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter Arthur Binkow**
  info@glancylaw.com pbinkow@glancylaw.com
- **Ethan J Brown**
  ethan.brown@lw.com
- **Andrew N Friedman**
  afriedman@cmht.com
- **Lionel Z Glancy**
  info@glancylaw.com lglancy@glancylaw.com
- **Michael M Goldberg**
  info@glancylaw.com mgoldberg@glancylaw.com
- **Joseph P Helm, III**
  jhelm@cmht.com
- **John David Kirby**
  jkirby@labellamcnamara.com lquach@labellamcnamara.com
- **Charles G La Bella**
  clabella@labellamcnamara.com lquach@labellamcnamara.com
- **Meredith N Landy**
  mlandy@omm.com dbrown@omm.com
- **Laurie Largent**
  llargent@lerachlaw.com hectorm@lerachlaw.com;tholindrake@lerachlaw.com
- **Nicole Lavallee**
  nlavallee@bermanesq.com stuiasosopo@bermanesq.com
- **Robert F LeMoine**
  rlemoine@skadden.com mcouchoi@skadden.com
- **Darren Jay Robbins**
  e_file_sd@lerachlaw.com
- **Steven J Toll**
  stoll@cmht.com efilings@cmht.com
- **Timothy Scott Vick**

svick@alschuler.com

- **Jeff S Westerman**
  jwesterman@milbergweiss.com schang@milbergweiss.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Marc Dworsky**
Munger Tolles and Olson
355 South Grand Avenue
Suite 3500
Los Angeles, CA 90071-1560

**Edward M Gergosian**
Gergosian and Gralewski
550 West C Street
Suite 1600
San Diego, CA 92101

**Laurence D King**
Kaplan Fox and Kilsheimer
555 Montgomery Street
Suite 1501
San Francisco, CA 94111