FILED

2007 SEP -5  PM 4: 23

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____CP_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SERACARE LIFE SCIENCES, INC. SECURITIES LITIGATION | Master File No. 05-CV-2335-H(CAB) |
| | CLASS ACTION |
| This Document Relates To: | PARTIAL FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | DATE: September 4, 2007<br>TIME: 10:30 a.m.<br>COURTROOM: The Honorable Marilyn L. Huff |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Partial Settlement and Providing for Notice ("Order") dated June 11, 2007, on the application of the parties for approval of the settlement set forth in the Stipulation of Partial Settlement dated as of April 24, 2007 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3. "Class" means all Persons who purchased or otherwise acquired the common stock of SeraCare between May 14, 2003 and March 23, 2006, inclusive. Excluded from the Class are the Settling Defendants, members of the immediate family of any Defendant, the former and current directors, officers, subsidiaries and affiliates of SeraCare, as well as any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class (solely with respect to the Litigation) are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Partial Settlement of Class Action ("Opt-Outs").

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and settlement are fair, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses, as to the Settling Defendants only, the Litigation and all Released Claims of the Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Stipulation and herein.

7. Upon the Effective Date hereof, the Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

8. Upon the Effective Date hereto, each of the Settling Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiffs, each and all of the Class Members and counsel to the Lead Plaintiffs from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

9. Lead Plaintiffs, all members of the Class, the successors and assigns of any of them and anyone claiming through or on behalf of any of them, are hereby permanently BARRED, ENJOINED and RESTRAINED from instituting, commencing or prosecuting in the Litigation or any other action or proceeding any Released Claims against any of the Released Persons. The Released Claims against each and all of the Released Persons shall be released and dismissed with prejudice and on the merits. Nothing in this paragraph shall release the Released Claims against the Individual Defendants and their Related Parties of any Person who submitted a timely, signed request for exclusion from the Class ("Opt-Out Plaintiffs") (identified in Exhibit 1 attached hereto).

10. The Non-Settling Defendants and all other persons, including but not limited to any other person or entity later named as a defendant or third party in the Litigation, are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting, or asserting any claim for contribution (whether contractual or otherwise) against the Settling Defendants or any other claim against the Settling Defendants where the injury to such

entity/individual is any person's actual or threatened liability to the Lead Plaintiffs, and other Class Members resulted from the Released Claims or any costs or expenses (including attorneys' fees) incurred in connection with the Litigation; provided, however, that the Bar Order stated in this paragraph shall not apply to claims that may be asserted by any Opt-Out Plaintiff, or between and/or among any defendant in cases brought by Opt-Out Plaintiffs (but only to the extent such a claim between and/or among defendants is based upon the defendant's actual or threatened liability solely to the Opt-Out Plaintiffs or the costs and expenses incurred solely in connection with a claim asserted by an Opt-Out Plaintiff). For purposes of this Bar Order, Barred Persons shall be defined as any Person who is barred and/or enjoined by this paragraph 10.

11. Any verdict or judgment against a Non-Settling Defendant shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Settling Defendants; or (ii) the amount paid by the Settling Defendants ($3,000,000). The terms of this Paragraph 11 shall control over any additional or contrary language contained in the Stipulation.

12. The Settling Defendants are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting, or asserting any claim for contribution (whether contractual or otherwise) against the Barred Persons or any other claim against the Barred Persons where the injury to any Settling Defendant is any Person's actual or threatened liability to the Lead Plaintiffs, and other Class Members resulted from the Released Claims or any costs or expenses (including attorneys' fees) incurred in connection with the Litigation, provided, however, that the Bar Order stated in this paragraph shall not apply to claims that may be asserted by the Settling Defendants in any case brought by an Opt-Out Plaintiff (but only to the extent such a claim by a Settling Defendant is based upon such Person's actual or threatened liability solely to the Opt-Out Plaintiff or the costs and expenses incurred solely in connection with a claim asserted by an Opt-Out Plaintiff).

13. The provisions in this Bar Order are reciprocal and in the event that any person or entity asserts and is legally not barred by the Bar Order from bringing any claim, action or actions, cause or causes of action, suits, debts, liens, contracts, agreements, promises, liabilities, claims, rights, demands, damages, losses, costs, charges or expenses falling within the scope of this Bar

Order (the "First Person") against any other person (the "Second Person"), this Bar Order shall not bar, enjoin or restrain the Second Person from asserting or bringing any claim, action or actions, cause or causes of action, suits, debts, liens, contracts, agreements, promises, liabilities, claims, rights, demands, damages, losses, costs, charges or expenses falling within the scope of this Bar Order against the First Person.

14. The Notice of Pendency and Proposed Partial Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended including by the Private Securities Litigation Reform Act of 1995, and the requirements of due process.

15. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

16. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Defendants or their respective Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Settling Defendants and/or their respective Related Parties may file the Stipulation and/or the Judgment from this action in any other action in which they are parties or that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Litigation; (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation; and (e) exclusive jurisdiction to enforce the provisions of the Bar Order in this Judgment.

18. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Individual Defendants' portion of the Settlement Fund, or any portion thereof, is returned to the party who funded their portion of the Settlement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. There is no reason for delay in the entry of this Partial Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 9-4-07

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

*SCLF1-
EXCL00001*

**OUT FORM**

**S, INC. SECURITIES LITIGATION**

**05-CV-2335-H(CAB)**

RECEIVED TS
JUL 27 2007
CLAIMS CENTER

Must Be Postmarked on or Before August 20, 2007

**THIS IS NOT A CLAIM FORM**

By completing and submitting this form, you *EXCLUDE* yourself from the settlement and shall have no rights under the settlement and shall not share in the distribution of the settlement proceeds.

**DO NOT use this form if you want to receive benefits under the settlement.**

Purchases or acquisitions of SeraCare common stock (May 14, 2003 - March 23, 2006, inclusive):

| Trade Date Mo. Day Year | Number of Shares Purchased or Acquired |
|---|---|
| 1. 9/5/2005 | 1. 500 |
| 2. | 2. |
| 3. | 3. |

Sales of SeraCare common stock (May 14, 2003 - March 23, 2006, inclusive):

| Trade Date Mo. Day Year | Number of Shares Sold |
|---|---|
| 1. 12/5/2005 | 1. 500 |
| 2. | 2. |
| 3. | 3. |

First Name: ALICE    Initial: ____    Last Name: FISHER

Name at time of purchase (if different from above): ____

Date of death of beneficial purchaser (if applicable): ____

Current Address: FISHER TRUST [redacted]

City: [redacted]    Province/State: [redacted]    Postal Code/Zip Code: [redacted]

Country: [redacted]

Signature: *Alice L. Fisher*

**Exhibit 1**

1 ____




SeraCare Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera CA 94976-0990



SCLF1



*SCLF1-EXCL00003*

RECEIVED TS

JUL 3 1 2007

CLAIMS CENTER

## UT FORM

### , INC. SECURITIES LITIGATION
### 05-CV-2335-H(CAB)

**Must Be Postmarked on or Before August 20, 2007**

**THIS IS NOT A CLAIM FORM**

By completing and submitting this form, you **EXCLUDE** yourself from the settlement and shall have no rights under the settlement and shall not share in the distribution of the settlement proceeds.

**DO NOT use this form if you want to receive benefits under the settlement.**

Purchases or acquisitions of SeraCare common stock (May 14, 2003 - March 23, 2006, inclusive):

| Trade Date Mo. Day Year | Number of Shares Purchased or Acquired |
|---|---|
| 1. 11/14/2005 | 1. 100 |
| 2. | 2. |
| 3. | 3. |

Sales of SeraCare common stock (May 14, 2003 - March 23, 2006, inclusive):

| Trade Date Mo. Day Year | Number of Shares Sold |
|---|---|
| 1. 12/27/2005 | 1. 100 |
| 2. | 2. |
| 3. | 3. |

First Name: Christiane   Initial: E   Last Name: DULANEY

Name at time of purchase (if different from above): ____

Date of death of beneficial purchaser (if applicable): ____

Current Address: [redacted]

City: [redacted]   Province/State: [redacted]   Postal Code/Zip Code: [redacted]

Country: ____

Signature: Christiane E Dulaney

3

FORT WORTH TX 76
26 JUL 2007 PM 6:15

RECEIVED TS
JUL 3 1 2007
CLAIMS CENTER

SeraCare Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera CA 94976-0990

SCLF1

4



*SCLF1-
EXCL00004*

  TS

OUT FORM

S, INC. SECURITIES LITIGATION

05-CV-2335-H(CAB)



JUL 3 1 2007

CLAIMS CENTER

on or Before August 20, 2007

## THIS IS NOT A CLAIM FORM

By completing and submitting this form, you *EXCLUDE* yourself from the settlement and shall have no rights under the settlement and shall not share in the distribution of the settlement proceeds.

**DO NOT use this form if you want to receive benefits under the settlement.**

Purchases or acquisitions of SeraCare common stock (May 14, 2003 - March 23, 2006, inclusive):

| Trade Date Mo. Day Year | Number of Shares Purchased or Acquired |
|---|---|
| 1. 10-27-2005 | 1. 200 |
| 2. | 2. |
| 3. | 3. |

Sales of SeraCare common stock (May 14, 2003 - March 23, 2006, inclusive):

| Trade Date Mo. Day Year | Number of Shares Sold |
|---|---|
| 1. 11-16-2005 | 1. 100 |
| 2. 11-18-2005 | 2. 100 |
| 3. | 3. |

First Name: WAI-AM    Initial: ____    Last Name: WILSON

Name at time of purchase (if different from above): ____

Date of death of beneficial purchaser (if applicable): ____

Current Address: [redacted]

City: [redacted]   Province/State: [redacted]   Postal Code/Zip Code: [redacted]

Country: [redacted]

Signature: [signature]

5



SeraCare Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera CA 94976-0990

RECEIVED TS
JUL 3 1 2007
CLAIMS CENTER

SCLF1




*SCLF1-EXCL00009*

**RECEIVED TS**

AUG 1 0 2007

CLAIMS CENTER

**...UT FORM**

**..., INC. SECURITIES LITIGATION**

**05-CV-2335-H(CAB)**

Must Be Postmarked on or Before August 20, 2007

**THIS IS NOT A CLAIM FORM**

By completing and submitting this form, you *EXCLUDE* yourself from the settlement and shall have no rights under the settlement and shall not share in the distribution of the settlement proceeds.

**DO NOT use this form if you want to receive benefits under the settlement.**

Purchases or acquisitions of SeraCare common stock (May 14, 2003 - March 23, 2006, inclusive):

| Trade Date Mo. Day Year | Number of Shares Purchased or Acquired |
|---|---|
| 1. 11-02-05 | 1. 150 |
| 2. | 2. |
| 3. | 3. |

Sales of SeraCare common stock (May 14, 2003 - March 23, 2006, inclusive):

| Trade Date Mo. Day Year | Number of Shares Sold |
|---|---|
| 1. 11-03-05 | 1. 150 |
| 2. | 2. |
| 3. | 3. |

First Name: CHEUK (PO)    Initial: F (W)    Last Name: GONG

Name at time of purchase (if different from above): ____

Date of death of beneficial purchaser (if applicable): ____

Current Address: ████

City: ████    Province/State: ████    Postal Code/Zip Code: ████

Country: ████

Signature: [signed] Po Wah Gong

7






*SCLF1-
EXCL00010*

RECEIVED TS

AUG 10 2007
CLAIMS CENTER

)UT FORM

, INC. SECURITIES LITIGATION
05-CV-2335-H(CAB)

... n or Before August 20, 2007

## THIS IS NOT A CLAIM FORM

By completing and submitting this form, you *EXCLUDE* yourself from the settlement and shall have no rights under the settlement and shall not share in the distribution of the settlement proceeds.

**DO NOT use this form if you want to receive benefits under the settlement.**

Purchases or acquisitions of SeraCare common stock (May 14, 2003 - March 23, 2006, inclusive):

| Trade Date Mo. Day Year | Number of Shares Purchased or Acquired |
|---|---|
| 1. July 21, 2003 | 1. 500 |
| 2. May 17, 2004 | 2. 500 |
| 3. Dec. 28, 2005 | 3. 500 |

Sales of SeraCare common stock (May 14, 2003 - March 23, 2006, inclusive):

| Trade Date Mo. Day Year | Number of Shares Sold |
|---|---|
| 1. Nov. 7, 2005 | 1. 125 |
| 2. Nov. 21, 2005 | 2. 375 |
| 3. Feb. 14, 2006 | 3. 500 |
| 4. ~~Mar. 10, 2006~~ | ~~500~~ |

First Name: JEFFREY    Initial: R.    Last Name: CLARK

Name at time of purchase (if different from above): _____

Date of death of beneficial purchaser (if applicable): _____

Current Address: ████████

City: ████  Province/State: ████  Postal Code/Zip Code: ████

Country: ████

Signature: *Jeffrey R. Clark*

9

